# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Niazi LICENSING CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>BOSTON SCIENTIFIC CORP.<br><br>        Defendant. | Civ. No. 17-5094 (WMW/BRT) |
| Niazi LICENSING CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>MEDTRONIC, INC.,<br><br>        Defendant. | Civ. No. 17-5095 (WMW/BRT) |
| Niazi LICENSING CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>ST. JUDE MEDICAL S.C., INC.,<br><br>        Defendant. | Civ. No. 17-5096 (WMW/BRT)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED JOINT MOTION TO STAY RELATED ACTIONS** |

The Defendants in the above-captioned matters jointly request a stay of these actions pending *inter partes* review ("IPR") of the patent-in-suit. (Doc. No. 45 in 17-cv-5094, Doc. No. 71 in 17-cv-5095, Doc. No. 55 in 17-cv-5096.) For the reasons stated below, these motions are granted.

**I.      Introduction**

These patent cases were filed on November 13, 2017. Plaintiff Niazi Licensing Corporation ("Niazi") alleges infringement of United States Patent No. 6,638,268 ("the '268 patent"). Niazi has asserted the patent against three companies in the District of Minnesota: Boston Scientific, Medtronic, Inc., and St. Jude Medical S.C., Inc. *See Niazi Licensing Corporation v. Boston Scientific Corp.*, Case No.:17-cv-05094 (WMW/BRT); *Niazi Licensing Corporation v. Medtronic, Inc.,* Case No.: 17-cv-05095 (WMW/BRT) and *Niazi Licensing Corporation v. St. Jude Medical S.C., Inc.,* Case No.:17-cv-05096 (WMW/BRT). The three cases are referred to as the "Related Cases." The original scheduling orders in the Related Cases adopt the same structure and case track. (Doc. No. 20 in 17-cv-5094, Doc. No. 34 in 17-cv-05095, Doc. No. 29 in 17-cv-5096.)

On February 12, 2018, Medtronic filed two petitions for IPR with the Patent Trial and Appeals Board of the U.S. Patent and Trademark Office ("PTAB"). Medtronic disclosed its filing at this Court's Rule 16 conference. On April 10, 2018, Medtronic moved to stay the Medtronic case pending the outcome of PTAB's decision. The other parties in the Related Cases took no position on the stay. The motion was heard on April 24, 2018, and this Court entered an oral Order ruling that Defendant Medtronic's Motion to Stay Pending Inter Partes Review of the Asserted Patent (Doc. No. 44) was granted to the extent that this case was stayed until **August 24, 2018**, or until the IPR decision on institution is issued on Medtronic's two petitions, whichever occurred earlier. The stay was extended for purposes of allowing the parties to confer regarding settlement and for

the parties to confer with this Court regarding a further stay. (*See* Doc. No. 42 in 17-cv-05094, Doc. No. 68 in 17-cv-05095, Doc. No. 51 in 17-cv-05096.)

On August 20, 2018, the Patent Office instituted both IPR petitions. (*See* Doc. No. 60-1 in 17-cv-05095 at 2, *Medtronic, Inc. v. Niazi Licensing Corp.*, IPR2018-00609 (PTAB) (Institution Decision); Doc. No. 60-1 in 17-cv-05095 at 46, *Medtronic, Inc. v. Niazi Licensing Corp.*, IPR2018-00610 (PTAB) (Institution Decision).). Defendants seek to renew this stay, for the same respective reasons, until the PTAB's review of the '268 patent is complete. Niazi does not oppose.[1] Decisions on both instituted IPRs are due one year after institution, on August 20, 2019. *See* 35 U.S.C. § 316(a)(11). The instituted IPRs cover all claims asserted against St. Jude and Boston Scientific, and all but two of the claims asserted against Medtronic.

## II. A Stay is Warranted

A stay is within a Court's inherent power "to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Intellectual Ventures II LLC v. U.S. Bancorp*, Civ. No. 13-2071 ADM/JSM, 2014

---

[1] After Medtronic filed its initial two IPR petitions, Niazi asserted two additional claims of the '268 patent against Medtronic. Medtronic filed a third IPR petition. *See* Doc. No. 60-1 in 17-cv-05095 at 117, *Medtronic Inc., v. Niazi Licensing Corp.*, IPR2018-01495 (PTAB) (Petition). If the PTAB institutes the third IPR, Medtronic indicated that it reserved its rights to seek a further stay pending the Patent Office's final decision. In noting Medtronic's reservation, the Court takes no position at this time as to whether a further stay would be warranted.

WL 5369386, at *3 (D. Minn. Aug. 7, 2014). Especially after institution has been granted by the PTAB, district courts "routinely grant" stays pending IPRs "where the circumstances warrant." *Arctic Cat Inc. v. Polaris Indus. Inc.*, Civ. No. 13-3579 (JRT/FLN), 2015 WL 6757533, at *2 (D. Minn. Nov. 5, 2015). In determining whether to grant a stay pending IPR, district courts generally consider three factors: (1) whether a stay would unduly prejudice the non-moving party; (2) whether a stay will simplify the issues in the litigation; and (3) whether discovery is complete and trial date is set. *See id*. at *2. The facts here support a continued stay pending the resolution of the instituted IPRs.

### A. Prejudice

A stay will neither unduly prejudice Niazi nor place it at any tactical disadvantage. Acknowledging the benefits of a continued stay, Niazi has consented to a stay and does not oppose this motion. *See Envisiontec, Inc. v. Formlabs, Inc.*, No. CV 16-06812-RSWL-RAOX, 2017 WL 2468770, at *3 (C.D. Cal. June 6, 2017) (finding that "a stay would likely not cause Plaintiff prejudicial harm because Plaintiff agreed not to oppose the Motion in return for Defendant agreeing not to litigate any invalidity challenge that Defendant presents in its IPR petition that is considered by the PTAB"); cf. *Collins v. Dkl Ventures, LLC*, No. 16-CV-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4,2016) (holding that under a similar test for a stay, where a "requested stay of proceedings is unopposed, there is no prejudice that will result from the stay"); *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 SLT, 2010 WL 3709923, at *4 (E.D.N.Y. Sept. 14, 2010) ("Turning to 'the risk of unfair prejudice to the party opposing

4

the stay[,]' the motion remains unopposed, and thus no prejudice has been identified.") (internal citation omitted).

Furthermore, as noted in Medtronic's initial Motion to Stay, the factors that might otherwise indicate prejudice—unreasonable delay by the defendant or inadequacy of monetary damages—are not present here given that the accused products have been on the market for over a decade and that Niazi seeks only monetary damages. (*See* Doc. No. 45 in 17-cv-05095 at 4-5 (citing *Intellectual Ventures II LLC*, 2014 WL 5369386, at *5) (finding that the non-moving party would not be prejudiced by a stay pending IPR because "the availability of monetary damages can ameliorate potential undue prejudice, especially where the non-moving party has not explained why money damages are not an adequate remedy")).

### B. Judicial Economy, Simplification, or Elimination of Issues

"[S]taying patent litigation pending reexamination or post-grant review can serve judicial economy," and "can help limit discovery problems relating to prior art, encourage settlement, reduce the complexity and length of litigation, narrow the issues and defenses at play in the lawsuit, and reduce costs for the parties and the court." *Telebrands Corp. v. Seasonal Specialties, LLC*, No. 17-CV-4161 (WMW/HB), 2018 WL 1027452, at *4 (D. Minn. Feb. 23, 2018); *see also TimeBase Pty Ltd. v. The Thomson Corp.*, Civ. No. 07-1687 JNE/JJG, 2008 WL 1959061, at *1 (D. Minn. May 6, 2008) ("One purpose of the reexamination procedure is to eliminate trial of that issue [validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the Patent Office (when a claim survives the reexamination

5

proceeding).'") (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, courts have noted particular benefits of staying litigation pending IPR, including eliminating issues for trial, limiting defenses and evidence, and reducing costs for the parties and the court. *Id*.

This factor favors a stay here because there is a high likelihood of streamlining the Medtronic case—and the related cases following the IPR decision. The instituted IPRs cover all but two of the claims asserted against Medtronic. If the PTAB finds the claims to be invalid, the contours of the case will change. Thus, the written decisions in the instituted IPRs may both streamline and inform the case against Medtronic. Even if claims were to survive *inter partes* review, the case would be narrowed, as Medtronic concedes, it would then be estopped from arguing that the '268 patent is invalid on any grounds raised during the IPR. *See* 35 U.S.C. § 315(e)(2).

### C. Stage of the Case

The final factor also supports extending the stay because the action is in a very early stage. At the time this case was first stayed, fact discovery had just begun and Niazi had served infringement contentions, but fact discovery deadlines, along with those for Defendants' contentions, claim construction, expert discovery, and dispositive motions, were all stayed pursuant to this Court's First Amended Pretrial Scheduling Orders, in which the Court also noted that it would reevaluate the trial dates set after the expiration of the stay. (Doc. No. 31 in 17-cv-05094, Doc. No. 55 in 17-cv-05095, Doc. No. 42 in 17-cv-05096.)

6

The parties have thus not yet invested substantial time and resources into these matters, and the final factor thus also favors a stay. *See Intellectual Ventures II LLC*, 2014 WL 5369386, at *8 (finding a stay appropriate even after "substantial written discovery ha[d] been served and responded to" because "[d]iscovery [wa]s still in its early stages . . . ."); *Carlson Pet Prods., Inc.*, 2018 WL 1152001, at *2 (finding the case to be in its infancy and thus granting a stay pending Defendant's request for ex parte reexamination when "[r]elatively few resources have been spent by either side and the Court has not yet invested substantial time managing the litigation or deciding substantial legal questions"). On the other hand, if the stay is lifted now, the parties will likely engage in costly discovery that might be unnecessary in view of the PTAB proceedings and their results. Continuing this stay will streamline litigation, creating a more efficient process for all parties and the Court.

## IV. The Boston Scientific and St. Jude Matters

Defendants Boston Scientific and St. Jude also seek to maintain the stays in their respective cases so as to remain synchronized with Medtronic's case and to preserve the parties' and the Court's resources. Each of the three stay factors discussed above also supports a stay as to Boston Scientific and St. Jude.

First, there is no prejudice to Niazi if a stay is granted in the Boston Scientific and St. Jude cases. As discussed above, the fact that Niazi does not oppose the stay request demonstrates the lack of prejudice here. In addition, staying all three cases and maintaining consistent case schedules will avoid placing any party, including Niazi, at a tactical disadvantage or advantage. (*See, e.g.*, Doc. No. 31 at 2 in 17-cv-05094 ("The

7

Court notified counsel representing Boston Scientific and St. Jude about its decision on Medtronic's Motion to Stay and the Court's interest in modifying the scheduling orders in the Related Cases to avoid unfair tactical disadvantages to Plaintiff because of the stay.").) No party will be able to unduly influence claim construction, obtain the benefit of discovery conducted in earlier litigations, or preview summary judgment arguments and trial strategies.

Second, maintaining the stay in the Boston Scientific and St. Jude matters will likely simplify the issues in the Related Cases. *Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd.*, Civ. No. 09-3601, 2010 WL 3023529, at *1-4 (D. Minn. July 30, 2010) (granting a joint motion to stay as to all defendants, where pending ex parte reexamination was filed by one defendant, because it was apparent that a stay would benefit the parties and the court, greatly simplify the issues of the case, and discovery was in the early stages). Every claim that has been asserted against Boston Scientific and St. Jude has been challenged by Medtronic in its instituted IPR proceedings—if Medtronic succeeds in invalidating the challenged claims, the cases against Boston Scientific and St. Jude, which assert the very same claims, will likely be over unless other developments occur. Maintaining the same case track across all three cases will prevent the Court from having to address interim issues in the Boston Scientific and St. Jude cases that are common to all. As just one example, a stay would ensure that the Court would need to address claim construction only once.

Third, as mentioned above, the cases are in the early stages and have been on the same track. The parties have not yet invested in significant discovery. A trial date is not set.

In sum, the Boston Scientific and St. Jude's matters should also be correspondingly stayed for judicial economy and efficiency purposes.

V.     **Proposed Steps for Efficiently Resuming Litigation Following a Stay**

If any claims survive IPR, this case will proceed on a fast track, as set forth below. The parties must meet and confer within 7 days of the final written decision on the IPRs, and a proposed amended scheduling order must be submitted within 14 days of the final written decision on the IPRs.

**ORDER**

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendants' Unopposed Requests for a Stay (Doc. No. 45 in 17-cv-5094, Doc. No. 71 in 17-cv-5095, Doc. No. 55 in 17-cv-5096.) are **GRANTED**;

2.     If any party in the Related Cases becomes aware of any other IPR petition(s) filed with the PTAB relating to the '268 patent, they must inform counsel in the Related Cases within 7 days after the party becomes aware of such filing. If the party is the filing party, a copy of their petition(s) must be circulated to counsel for the parties and submitted to the Court within 7 days of filing. A submission to the Court under this provision should be sent by email to Chambers at thorson_chambers@mnd.uscourts.gov.

3. Counsel for the parties must inform their clients that, should any claims survive IPR, the Court will set a scheduling conference to establish a new case schedule and that the case will proceed on a fast track.

4. Counsel must meet and confer to confirm the preservation of documents that have already been identified as potentially relevant and must agree on preservation of documents generated during the stay period. The meet and confer must take place by **November 23, 2018**, and the parties must file a stipulation that memorializes their preservation agreements. If there are any disputes regarding preservation, they must be brought to the Court's attention no later than **November 23, 2018**.

5. Counsel for Medtronic must forward a copy of the final written decision on the IPRs to other counsel and to the Court no later than 3 days after it is issued.

6. A status call will be held on **June 19, 2019**, at 9:00 a.m. The parties should connect and jointly call in to Chambers. The Court recognizes that this status conference is set to take place prior to the decision date. The purpose of the call is to discuss any related developments.

7. The parties must meet and confer within 7 days of the final written decision on the IPRs. If any claim survives IPR, a proposed amended scheduling order must be submitted within 14 days of the final written decision on the IPRs. Unless otherwise ordered, the proposed scheduling order must include (at least) the following:

    a. Schedule for typical patent exchanges that were included in the prior scheduling orders:

      i. Within 21 days of the final written decision on the IPRs, Niazi will amend/supplement its infringement claim charts if necessary.

      ii. Within 42 days of the final written decision on the IPRs, the defendants will serve a responsive claim chart and initial invalidity contentions. Plaintiff's response to the invalidity chart will be due 56 days later.

      iii. Within 63 days of the final written decision on the IPRs, the parties will exchange a list of terms they believe need to be construed by the District Court. The parties' proposed amended scheduling order must include exchanges between the parties necessary to file the Joint Statement to the Court within 84 days of the final written decision on the IPRs.

  b. A fact discovery plan.

      i. Initial disclosures must be updated within 21 days of the final written decision on the IPRs.

      ii. New written discovery requests should be promptly served and the parties must meet and confer about the timetable for responding to discovery requests pending prior to the entry of the stay.

      iii. The discovery plan should aim to complete fact discovery within 7 months of the decision on IPR, or approximately March, 2020. The parties are strongly encouraged to set a deadline for the substantial completion of document production, to facilitate the completion of fact depositions requiring documents. The parties are also strongly encouraged to set deadlines for serving third party subpoenas, if seeking third party discovery.

  c. An expert discovery plan should aim to complete expert discovery within 2 months after the close of fact discovery, or approximately May 2020.

  d. Proposed deadlines for joining parties and amending the pleadings, including motions seeking to amend a claim regarding willful infringement or inequitable conduct.

  e. Proposed timetable for a Markman hearing, if necessary, in approximately December 2019.

  f. Proposed timetable for dispositive motions in approximately early June 2020.

  g. A proposed trial ready date, no later than October 1, 2020.[2]

  h. Proposals for the timing of a settlement conference.

Date: November 16, 2018   *s/ Becky R. Thorson*_____
                BECKY R. THORSON
                United States Magistrate Judge

---

[2] The dispositive motion deadline must be set two months after the close of discovery and the trial date four months after the dispositive motion deadline.