UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5094 (WMW/BRT) |
| Plaintiff, | **ORDER** |
| v. | |
| Boston Scientific Corp., | |
| Defendant. | |

| | |
|---|---|
| Niazi Licensing Corporation, | Case No. 17-cv-5096 (WMW/BRT) |
| Plaintiff, | **ORDER** |
| v. | |
| St. Jude Medical S.C., Inc., | |
| Defendant. | |

This matter is before the Court on the October 30, 2019 letter requests of Plaintiff Niazi Licensing Corporation for leave to file a motion for reconsideration. Niazi contends that the Court's October 21, 2019 claim construction order contains manifest errors of law with respect to the Court's indefiniteness determinations.

This District's Local Rule 7.1(j) prohibits filing a motion for reconsideration without leave of court. A party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.

1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A motion for reconsideration cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

Niazi does not purport to present newly discovered evidence, but instead argues that the Court's October 21, 2019 claim construction order contains manifest errors of law. In the Court's view, however, Niazi's letter identifies no manifest error of law. Rather, Niazi's letters identify disagreements with the Court's legal conclusions and reiterate arguments that were asserted in the parties' claim construction briefing. The Court fully considered and addressed those arguments in its claim construction order. Moreover, to the extent that Niazi attempts to raise new arguments or legal theories, a motion to reconsider is an improper means for doing so. Because Niazi has not demonstrated compelling circumstances, Niazi's requests for leave to file a motion to reconsider are denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Niazi Licensing Corporation's requests for leave to file a motion for reconsideration, (Case No. 17-cv-5094, Dkt. 107; Case No. 17-cv-5096, Dkt. 125), are **DENIED**.

Dated: December 13, 2019        s/Wilhelmina M. Wright
                                Wilhelmina M. Wright
                                United States District Judge